UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| MATTHEW RUSSELL, }<br>ON BEHALF OF HIMSELF AND }<br>ALL OTHERS SIMILIARLY SITUATED, }<br>}<br>                        Plaintiff, }<br>           v                         }<br>}<br>FORSTER & GARBUS, LLP, }<br>LVNV FUNDING LLC, }<br>SHERMAN FINANCIAL GROUP, LLC, }<br>MARK A. GARBUS, AND RONALD FORSTER, }<br>}<br>                        Defendants. } | Civil Action, File No.<br>2:17-cv-4274 |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Matthew Russell [hereinafter "Russell"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Forster & Garbus, LLP [hereinafter "F&G"], LVNV Funding LLC, Sherman Financial Group, LLC, Mark A. Garbus (hereinafter "Garbus"), and Ronald Forster (hereinafter "Forster"), collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also

derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Russell is a natural person who resides at 3416 Lynwood Place, Vestal, NY 13850.

6. Russell is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. The past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. F&G is a limited liability partnership with a principal place of business located at 60 Motor Parkway, Commack, NY 11725.

9. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015). F&G possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

10. On Exhibit A, F&G sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a

"debt".

11. Based upon Exhibit A and upon F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. Based upon the allegations in the above three paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

13. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual".  See 1 USC 1.  15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

14. Garbus is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Garbus therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Garbus is a debt collector as defined by 15 U.S.C. §

1692b(6) and 1 USC 1.

15. Garbus is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

16. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual".  See 1 USC 1.  15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

17. Forster is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Forster therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Forster is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

18. Forster is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

19. LVNV Funding LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

20. Sherman Financial Group, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

22. F&G, as the attorney and/or "debt collector" for the "debt collector" LVNV Funding LLC and Sherman Financial Group, LLC, filed and served Exhibit A when LVNV Funding LLC had no standing or legal right to file the lawsuit or obtain a Judgment against Russell based on the lack of proper notice of assignments of the debt and/or an inability to produce a complete chain of title.

23. Based on the allegations set forth in this Cause of Action, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f.

## SECOND CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

25. F&G, as the attorney and/or "debt collector" for the "debt collector" LVNV Funding LLC and Sherman Financial Group, LLC, did not fulfill its legal obligation to conduct a meaningful attorney review before it filed and/or served Exhibit A.

26. Based on the above allegation, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(3), and 15 U.S.C. § 1692e(10).

### THIRD CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

28. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 USC 1692e(10).

### FOURTH CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

30. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

### CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

32. The classes consist of:

    I. (a) all natural persons (b) who within 1 year prior to the filing of this lawsuit have been sued by or on behalf of LVNV Funding LLC or Sherman Financial Group, LLC,

    II. (a) all natural persons (b) who within 1 year prior to the filing of this lawsuit have been sued by F&G as the attorney for an assignee of a debt, and/or

    III. (a) all natural persons (b) who within 1 year prior to the filing of this lawsuit have been sued by F&G as the attorney or by or on behalf of LVNV Funding LLC or Sherman Financial Group, LLC (c) via the filing and/or service of a lawsuit in a form materially identical or substantially similar to Exhibit A.

33. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

35. The predominant common question is whether Defendant's letters violate the FDCPA.

36. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

37. A class action is the superior means of adjudicating this dispute.

38. Individual cases are not economically feasible.

   **WHEREFORE**, Plaintiff requests the following relief:

   1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

   2. Any and all other relief deemed just and warranted by this court.

Dated:          July 18, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709