UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
MATTHEW RUSSELL, on behalf of himself
and all others similarly situated,

                         Plaintiff,

                                              MEMORANDUM & ORDER
          -against-                           17-CV-4274(JS)(AYS)

FORSTER & GARBUS, LLP, LVNV FUNDING LLC,
SHERMAN FINANCIAL GROUP, LLC, MARK A.
GARBUS, and RONALD FORSTER,

                         Defendants.
---------------------------------------X
APPEARANCES
For Plaintiff:          Mitchell L. Pashkin, Esq.
                        775 Park Avenue, Suite 255
                        Huntington, New York 11743

For Defendants
Forster & Garbus, LLP
Mark A. Garbus, and
Ronald Forster:         Robert L. Arleo, Esq.
                        380 Lexington Avenue, 17th Floor
                        New York, New York 10168

Remaining
Defendants:             No appearance.

SEYBERT, District Judge:

          Plaintiff Matthew Russell ("Plaintiff") commenced this

proposed class action, individually and on behalf of all others

similarly situated, against defendants Forster & Garbus, LLP

("F&G"), LVNV Funding LLC ("LVNV"), Sherman Financial Group, LLC

("Sherman"), Mark A. Garbus ("Garbus"), and Ronald Forster

("Forster") (collectively, "Defendants"), alleging violations of

the   Fair   Debt   Collection   Practices   Act   ("FDCPA"),

15 U.S.C. § 1692, et seq., arising out of LVNV Funding LLC v. Matthew Russell (No. CA2016001549), a debt collection action pending in the Supreme Court of the State of New York, Broome County (the "State Action"). (Compl., D.E. 1; State Action Compl., D.E. 1-1.)  Currently before the Court is F&G, Garbus, and Forster's (the "Moving Defendants") motion to deny class certification.[1] (Mot., D.E. 22; Def. Am. Br., D.E. 24; Def. Reply, D.E. 29.)  For the reasons that follow, the Moving Defendants' motion is GRANTED.

<u>BACKGROUND AND PROCEDURAL HISTORY</u>[2]

Forster and Garbus are the named partners at F&G, a law firm retained by LVNV to assist in collecting debts owned by LVNV. (Compl. ¶¶ 8-9, 14-15; Def. Am. Br. at 1.)  On or around June 28, 2016, F&G, on behalf of LVNV, initiated the State Action

---

[1] Although the motion is fashioned as a motion to strike class allegations pursuant to Federal Rule of Civil Procedure 12(f) (see Mot.), the motion asks the Court to deny class certification.  (Def. Am. Br. at 10 (citing Federal Rule of Civil Procedure 23(c)(1)(A) for the proposition that a court may "decide whether to certify an action as a class action 'at an early practicable time after a person sues . . . as a class representative.'").)  Plaintiff does not argue otherwise.  Thus, the Court construes the motion as a preemptive motion to deny class certification.

[2] The following facts are drawn from the Complaint and the parties' submission and are repeated here only to the extent necessary to resolve the instant motion.

to collect credit card debt[3] Plaintiff incurred to Credit One Bank, NA ("Credit One").  (See State Action Compl.)

On July 18, 2017, Plaintiff initiated this class action and asserted:  (1) that F&G lacks standing or legal authority to file the State Action "based on the lack of proper notice of assignments of the debt and/or inability to produce a complete chain of title" in violation of the FDCPA (First Class Claim); (2) that F&G "did not fulfill its legal obligation to conduct a meaningful attorney review before it filed and/or served" the State Action in violation of the FDCPA (Second Class Claim); (3) the State Action complaint is a "false deceptive or misleading means" of communication in violation of the FDCPA (Third Class Claim); and (4) the State Action is an "unfair or unconscionable means to collect or attempt to collect a debt" in violation of the FDCPA (Fourth Class Claim).  (See generally Compl. ¶¶ 21-30.)

The proposed class consists of all persons sued within one year of this action by or on behalf of (1) LVNV or Sherman or (2) F&G.   (Compl. ¶ 32.)   The Complaint also alleges that "Plaintiff will fairly and adequately represent the interests of the class members" and that "Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions."  (Compl. ¶ 36.)

---

[3] The debt was assigned to LVNV from Sherman on December 14, 2015. (State Action Compl. at 2.)

3

On February 21, 2019, Plaintiff appeared for a deposition to give sworn testimony under oath.[4]  (Pl. Tr., D.E. 22-2.)  Plaintiff testified that he retained his counsel, Mitchell Pashkin ("Pashkin" or "Plaintiff's counsel"), through his wife (Pl. Tr. at 17:8-14) and that his wife asked him to speak with Pashkin "because of the situation at hand" and because he was "told [he] was receiving letters which [he] wasn't receiving" (Pl. Tr. 19:20-20:4).  Plaintiff spoke with Pashkin for the first time only two months prior to the deposition.  (Pl. Tr. 18:3-5; 19:17-19.)  Plaintiff also testified that he first saw the Complaint in this action at his deposition and did not have an answer as to why he named Garbus and Forster in the Complaint.  (Pl. Tr. 20:16-21:1; 14:3-9.)  Plaintiff stated that he understood this action to involve the "sale of [his] name without telling [him] about it" but he did not know what he wanted as an outcome.  (Pl. Tr. at 15:6-7; 14:1-2; 15:8-14.)  Plaintiff did not know whether he ever saw the State Action complaint but testified that his wife received a copy from Pashkin, who now represents him in the State Action.  (Pl. Tr. 28:6-29:19.)  Plaintiff did not know whether he owed a debt to Credit One or whether he received collection letters from F&G.  (Pl. Tr. 30:19-21, 31:6-11.)

---

[4] Plaintiff's counsel appeared at Plaintiff's deposition but did not ask any questions.  (See Pl. Tr.)

Plaintiff testified that his wife authorized Pashkin to initiate this action in his name.  (Pl. Tr. 26:15-17.)  Plaintiff did not sign a retainer agreement with Pashkin and did not know how Pashkin was being paid for his services but explained that his "wife would know."  (Pl. Tr. 18:11-21.)  Plaintiff stated that his "wife handles" the review of all documents in this action.  (Pl. Tr. 21:14-17.)

Further, Plaintiff did not know his responsibilities as a class representative nor did he know whether Pashkin ever explained those responsibilities to him.  (Pl. Tr. 22:5-22.)  Plaintiff did not know the class he purports to represent (Pl. Tr. 25:7-20; 26:9-11) and did not know if Pashkin ever informed him of a proposed class (Pl. Tr. 26:12-14).  Plaintiff further testified he did not know that he may need to pay his "pro rata share" of costs if unsuccessful in this action.  (Pl. Tr. 23:5-24:5.)

Plaintiff's wife, Jane Russell ("Mrs. Russell"), appeared for a deposition on March 15, 2019.[5]  (Russell Tr., D.E. 27-1.)  Mrs. Russell, who is not represented by Pashkin, stated that prior to her deposition she exchanged e-mails with Pashkin who said to "be honest in the fact that [ ] we're [ ] the class representative."  (Russell Tr. 9:24-10:2.)  When asked to explain what she meant by "we're the class representative," Mrs. Russell

---

[5] Plaintiff's counsel appeared at Mrs. Russell's deposition but did not ask any questions.  (See Russel Tr.)

clarified that she was "speaking on behalf of [Plaintiff] really, I think, I believe." (Russell Tr. 10:3-6.) Mrs. Russell testified that she is not necessarily "running" this action but that, as Plaintiff's wife, she "handle[s] all of our business affairs" and that she is "just a go-between" Pashkin and Plaintiff. (Russell Tr. at 10:7-13; 27:17-22.) Mrs. Russell also testified that she authorized Pashkin, on Plaintiff's behalf, to file this action after she "spoke to [Plaintiff] about it, and he gave his okay" and after Plaintiff asked Mrs. Russell what she thought and they "agreed." (Russell Tr. at 29:9-18.)

Mrs. Russell also testified that she did not sign a retainer agreement but that Pashkin "agreed to take care of the [State Action] against [Plaintiff] in exchange for us allowing him to file the . . . Fair Debt Collection Act lawsuit." (Russell Tr. at 24:6-13.) Mrs. Russell had not seen the Complaint prior to her deposition. (Russell Tr. at 30:23-25.) As for whether Mrs. Russell ever explained to Plaintiff his duties as class representative, she said that "he would have to appear for a deposition." (Russell Tr. at 32:12-16.) Further, Mrs. Russell testified that both she and Plaintiff did not communicate with Pashkin at all during the year 2018. (Russell Tr. at 31:21-32:11.) Finally, Mrs. Russell did not know whether an answer had been filed in the State Action and she has not received any documents related to this action. (Russell Tr. at 26:9-16.)

6

ANALYSIS

I.   Legal Standard

Federal Rule of Civil Procedure 23(c)(1)(A) provides that "[w]hen a person sues or is sued as a representative of a class, the court must--at an early practicable time--determine by order whether to certify the action as a class action."  "This is normally accomplished by plaintiff's motion for certification." Fedotov v. Peter T. Roach & Assocs., P.C., 354 F. Supp. 2d 471, 478 (S.D.N.Y. 2005) (internal quotation marks and citation omitted).  However, "'[t]he defendant need not wait for the plaintiff to act [and] [t]he defendant may move for an order denying class certification.'"  Id. (quoting 5-23 Moore's Federal Practice 3d § 23.82).  Regardless of the moving party, "the plaintiff will bear the burden of establishing the certification requirements of Rule 23."  Id. (citations omitted).

To qualify for class certification, a plaintiff must prove by a preponderance of the evidence that the "class meets the four threshold requirements of Rule 23(a); if those requirements are satisfied, [p]laintiffs must also establish that the class is maintainable under at least one of the subsections of Rule 23(b)." Spagnola v. Chubb Corp., 264 F.R.D. 76, 92 (S.D.N.Y. 2010); Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008).

The four threshold requirements of Federal Rule of Civil Procedure 23(a) are: "(1) numerosity, (2) commonality, (3) typicality, and (4) adequate representation." Spagnola, 264 F.R.D. at 93. Moreover, "[a]ll four elements must be met before class certification can proceed." Wexler v. AT&T Corp., No. 15-CV-0686, 2019 WL 5694028, at *3 (E.D.N.Y. Aug. 5, 2019), R&R adopted, 2019 WL 4874746 (E.D.N.Y. Sept. 30, 2019). Federal Rule of Civil Procedure 23 also "'contains an implicit requirement that the proposed class be precise, objective and presently ascertainable.'" Spagnola, 264 F.R.D. at 93 (quoting Bakalar v. Vavra, 237 F.R.D. 59, 64 (S.D.N.Y. 2006)).

## II.  Discussion

The Moving Defendants argue that Plaintiff cannot establish one of the four threshold requirements of Federal Rule of Civil Procedure 23(a): adequate representation. Specifically, they argue that class certification should be denied on the grounds that (1) Plaintiff is not an adequate class representative and (2) Plaintiff's counsel is not adequate class counsel. (See generally Def. Am. Br.)  The Court addresses each in turn.

### A.  Class Representative

The Moving Defendants argue that Plaintiff is not an adequate class representative because (1) Plaintiff's deposition testimony "demonstrate[es] a minimal and almost non-existent knowledge of the allegations" and his "lack of knowledge as to the

class he seeks to represent" (Def. Am. Br. at 12) and (2) Plaintiff "has so little knowledge of and involvement in this alleged class action that he would be unwilling to protect the interests of the class against the competing interests of his attorney, [ ] Pashkin, to obtain as much attorney's fees as he can as quickly as possible" (Def. Am. Br. at 14.)

Plaintiff responds that (1) there are no conflicts of interest, Defendants have not shown that Plaintiff lacks credibility, and the fact that Plaintiff sat for a deposition demonstrates Plaintiff's commitment to prosecuting this case (Pl. Opp., D.E. 28, at ECF pp. 8-9); (2) Plaintiff's "layman's understanding of the facts in this lawsuit" are demonstrated by his testimony that this action involves "the sale of [Plaintiff's] name without telling [Plaintiff] about it" (Pl. Opp. at ECF pp. 9-10); and (3) Plaintiff's adequacy to serve as class representative is "enhanced by having a wife who is able and willing to help him better understand the nature of a class action lawsuit and better understand the basis for the lawsuit" (Pl. Opp. at ECF p. 10) and that his wife's testimony shows that "Plaintiff is committed to prosecuting this case" (Pl. Opp. at ECF p. 9).

"'[I]t is widely agreed that adequacy is the most important factor to be considered' when addressing requests for class certification." Wexler, 2019 WL 5694028, at *3 (quoting In re LILCO Secs. Litig., 111 F.R.D. 663, 672 (E.D.N.Y. 1986))

(alteration in original).  "A plaintiff requesting to represent a class must 'fairly and adequately protect the interests of the class.'"  Id. (quoting FED. R. CIV. P. 23(a)(4)).  "Courts do not require the representative plaintiff to be the best of all possible plaintiffs."  Spagnola, 264 F.R.D. at 95 (internal quotation marks and citation omitted).

"'[T]he adequacy requirement is twofold: the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members.'"  Wexler, 2019 WL 5694028, at *3 (quoting Denney v. Deutsche Bank AG, 443 F.3d 253, 268 (2d Cir. 2006)).  The Court may also consider "(1) whether the proposed plaintiffs are credible; (2) whether the proposed plaintiffs have adequate knowledge of the case and are actively involved; and (3) whether the interest of the proposed plaintiffs are in conflict with those of the remainder of the class."  Spagnola, 264 F.R.D. at 95 (internal citations omitted).

While the Court cannot fault Plaintiff for relying on his wife and attorney for advice, see e.g., Baffa v. Donaldson, Lufkin & Junrett Secs. Corp., 222 F.3d 52, 62 (2d Cir. 2000), Plaintiff's deposition testimony makes clear that he does not have an "interest in vigorously pursuing the claims of the class."  Wexler, 2019 WL 5694028, at *3.  Indeed, Plaintiff's testimony

evidences a "serious lack of familiarity with the suit."[6] <u>Darvin v. Int'l Harvester Co.</u>, 610 F. Supp. 255, 256 (S.D.N.Y. 1985); <u>Greenspan v. Brassler</u>, 78 F.R.D. 130, 133-34 (S.D.N.Y. 1978) (plaintiff failed to meet with attorney until months into litigation and lacked knowledge about facts in complaint).

Plaintiff's testimony demonstrates that his wife, who is not a party to this action, communicated with Plaintiff's counsel and gave authorization to initiate this action on Plaintiff's behalf.[7] While Mrs. Russell may have initially communicated with Plaintiff's counsel, Plaintiff did not speak with his attorney before initiating this action and then had no communication with his attorney for nearly a year and a half after this action was filed.

Moreover, neither Plaintiff nor his wife had seen the Complaint before their respective depositions. Similarly, Plaintiff had not seen the State Action complaint, which undoubtedly serves as the basis of this action, before his deposition. Plaintiff did not know the class he purports to

---

[6] In a letter to Magistrate Judge Anne Y. Shields, Plaintiff's counsel stated that "Plaintiff has not made a Motion for Class Certification [and] most likely will not make such a motion based on his deposition testimony . . . ." (Feb. 28, 2019 Letter, D.E. 19 at 2.)

[7] Plaintiff's counsel's declaration confirms this understanding. There, he details that Plaintiff's wife agreed to his representation on Plaintiff's behalf. (Pashkin Decl., D.E. 28-2, at ¶ 27.)

represent (Pl. Tr. 25:7-20) and did not know if his counsel ever
informed him of the existence of a class (Pl. Tr. 26:12-14).  Nor
could he, in his declaration, Plaintiff's counsel stated that he
explained he "would be able to get the debt collection lawsuit
dismissed and get <u>Plaintiff</u> monetary compensation for having been
illegally sued." (Pashkin Decl. ¶ 27 (emphasis added).)  What is
more, Plaintiff could articulate--albeit barely--only one basis
for pursuing this action:  that this action involves "the sale of
[Plaintiff's] name without telling [Plaintiff] about it."  (Pl.
Tr. at 15:6-7; 14:1-2; 15:8-14.)  Plaintiff made no reference to
any of the other three claims alleged in the Complaint.

     Based on the foregoing, the Court finds that Plaintiff
has virtually no familiarity with this action and no understanding
of his role as class representative.  Thus, Plaintiff is not an
adequate class representative.  <u>See Scott v. N.Y.C. Dist. Council
of Carpenters Pension Plan</u>, 224 F.R.D. 353, 356 (S.D.N.Y. 2004)
(finding plaintiffs inadequate to serve as class representatives
where plaintiffs had an "alarming lack of familiarity with the
suit, as well as little or nonexistent knowledge of their role as
class representatives is manifest."); <u>Weisman v. Darneille</u>, 78
F.R.D. 669, 671 (S.D.N.Y. 1978) (denying certification where
"Plaintiff did not meet with his counsel in the ten months between
the filing of the complaint and the day preceding his deposition,"
could not "describe his claim or name the defendants," "was not

even certain that he had seen a copy of the complaint before his deposition," and "[a]part from his awareness that he must bear the costs of the suit, plaintiff knows none of the duties and responsibilities of a class representative . . . he has done little more in this action than write an initial letter to his counsel, sign a retainer and submit to a deposition."); Beck v. Status Game Corp., No. 89-CV-2923, 1995 WL 422067, at *7 (S.D.N.Y. July 14, 1995) (finding plaintiffs were not adequate class representatives because "of their lack of familiarity with this suit and the lack of control that they have exercised over their attorneys. [Plaintiff's] deposition testimony indicates that he did not have any discussions with the attorneys in this case until two years after the complaint was filed . . . . Although [Plaintiff] has a rudimentary knowledge of some of the facts on which this class action is predicated, his complete lack of communication with his attorneys during the first two years of this litigation demonstrates that he has failed to check the otherwise unfettered discretion of counsel in prosecuting this suit." (internal quotation marks and citations omitted)).

A review of cases analyzing challenges to proposed class representatives supports this finding. Most courts determine a plaintiff is an adequate class representatives where, in addition to complying with discovery, she submits an affidavit outlining her understanding of a class representatives' responsibilities,

her willingness to prosecute the case, and her routine communications with counsel. Leone v. Ashwood Fin., Inc., 257 F.R.D. 343, 352 (E.D.N.Y. 2009) (adequate class representative where plaintiff "submitted an affidavit stating that she understands the responsibilities of a class representative and that she has knowledge of this action."); Mendez v. U.S. Nonwovens Corp., 312 F.R.D. 81, 107–08 (E.D.N.Y. 2014) (adequate class representative where there was "no question that [plaintiff] and the other seven named Plaintiffs have shown a willingness pursue this litigation" because "[t]hey have all filed sworn declarations in support of their present motion and complied with discovery requests from the Defendants for depositions and responses to interrogatories, actions which show that they are actively participating in this litigation."); Flores v. Anjost Corp., 284 F.R.D. 112, 130 (S.D.N.Y. 2012) ("More importantly, the sworn affidavits of named Plaintiffs clearly demonstrate that Plaintiffs are familiar with, and are actively participating in, this litigation."); Hamelin v. Faxton–St. Luke's Healthcare, 274 F.R.D. 385, 396 (N.D.N.Y. 2011) ("The affidavits of the named plaintiffs exhibit sufficient knowledge concerning the class claims and no class members have interests antagonistic to one another.").

Indeed, here, there was no communication between Plaintiff and his counsel before or after initiating this action until two months before his deposition and Mrs. Russell testified

14

she did not communicate with Pashkin at all throughout 2018. Other than attending a deposition[8], where he made clear he lacks a fundamental understanding of this case and the role he plays, Plaintiff has not demonstrated an "interest in vigorously pursuing the claims of the class." Wexler, 2019 WL 5694028, at *3.

Plaintiff cites to this Court's decisions in In re Playmobil Antitrust Litig., 35 F. Supp. 2d 231 (E.D.N.Y. 1998) and Briceno v. USI Servs. Grp., Inc., No. 09-CV-4252, 2012 WL 4511626 (E.D.N.Y. Sept. 28, 2012) to argue that Plaintiff is qualified to act as a class representative. (Pl. Opp. at ECF pp. 7-8.) However, in those cases, unlike here, plaintiffs were adequate class representatives because they were "actively involved in the case, having reviewed the complaint, interrogatories, and document requests, and have responded to discovery requests and appeared for depositions." In re Playmobil, 35 F. Supp. 2d at 243; Briceno, 2012 WL 4511626, at *8 (finding class representatives adequate where "Plaintiffs have all appeared for depositions, provided affidavits in support of the class claims, and expressed a willingness and desire to represent the interests of the putative class" (emphasis added)). The Court struggles to draw a comparison

---

[8] The Moving Defendants sought the Court's intervention to compel Plaintiff's compliance with a properly served Notice of Deposition. (Jan. 23, 2019 Letter, D.E. 16.) The motion was abandoned after Plaintiff provided his availability for a deposition. (Jan. 29, 2019 Letter, D.E. 17.)

between the proposed class representatives in those cases to Plaintiff here.

Plaintiff's counsel purports to argue that the Court should not deny class certification because, at the time of Plaintiff's deposition, Defendants did not respond to discovery, including requests for Defendants' net worth, and thus he did not know "whether or not this case could proceed as a class or whether or not Defendants' net worth warranted proceeding as a class." (Pashkin Decl. ¶ 30.)  However, as stated, "[t]he defendant need not wait for the plaintiff to act [and] [t]he defendant may move for an order denying class certification." Fedotov, 354 F. Supp. 2d at 478 (internal quotation marks and citations omitted).  Thus, where, as here, testimony revealed that Plaintiff is not an adequate class representative, Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) and class certification must be denied.  Wexler, 2019 WL 5694028, at *6 & n.1 ("In the absence of adequacy, there is no need to analyze the other three requirements for certification of a class action.").

The Court also rejects Plaintiff's argument that his willingness to prosecute this case is "enhanced" because his wife "is able and willing to help [Plaintiff] better understand the nature of a class action lawsuit and better understand the basis of the lawsuit." (Pl. Opp. at ECF p. 10.)  The Court cannot find any legal justification to allow Plaintiff to proceed as class

16

representative when testimony reveals that his wife, who is not a party to the action, is making decisions behind the scene on behalf of the proposed class. Cf. Morangelli v. Chemed Corp., 275 F.R.D. 99, 120 (E.D.N.Y. 2011). To the contrary, the law is clear that Plaintiff, as class representative, must have the knowledge to protect the interests of the class.[9] Baffa, 222 F.3d at 61 (stating that "class representative status may properly be denied 'where the class representatives have so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys.'") (quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1077–78 (2d Cir. 1995)).

Plaintiff also argues that a proposed class representative "should not have to agree to be responsible for his 'pro-rata' share of costs" by urging the Court to apply the reasoning set forth in In re WorldCom, Inc. Sec. Litig., 219 F.R.D. 267, 283 (S.D.N.Y. 2003) for the proposition that enforcing Disciplinary Rule 5-103(b) of the Model Code ("DR 5-103") "in the context of a FDCPA class action [ ] would undermine the purpose of

---

[9] In any event, Mrs. Russell's testimony similarly shows she has no familiarity with the responsibilities of a class representative and that she had limited contact with Plaintiff's counsel throughout the tenure of this action. Therefore, even with Mrs. Russell's support, Plaintiff is still not an adequate class representative.

both the FDCPA and Rule 23" (Pl. Opp., at ECF pp. 2, 6).  However, In re WorldCom analyzed adequate class representation in context of the Private Securities Litigation Reform Act ("PSLRA").  219 F.R.D. at 283-86.  Courts in this circuit deny class certification under the FDCPA where "the fee arrangement between plaintiff and his counsel did not require plaintiff to bear" the responsibility for his pro rata share of costs and expenses of the suit.  Wilner v. OSI Collection Servs., Inc., 201 F.R.D. 321, 326 (S.D.N.Y. 2001) (citing Berrios v. Sprint Corp., No 97-CV-0081, 1998 WL 199842 at *14-17 (E.D.N.Y. Mar. 16, 1998); Weber v. Goodman, 9 F. Supp. 2d 163, 174 (E.D.N.Y. 1998)).  The Court sees no reason to depart from this standard.[10]  Plaintiff testified that he had no knowledge regarding the requirement that he finance his "pro rata" share of costs and his wife testified that Plaintiff's counsel would "pay all of the costs" associated with this action.  (Pl. Tr. 23:5-24:5; Russell Tr. 24:23-25:9; see also Pashkin Decl. ¶ 27.)  On that basis, Plaintiff is not an adequate class representative.

Therefore, Plaintiff is not qualified to serve as class representative because he has "so little knowledge of and involvement in the class action that [he] would be unable or

---

[10] Unlike the PSLRA, plaintiffs are entitled to minimal recovery under the FDCPA.  As stated in In re WorldCom, unlike here, there are "sure to be substantial expenses" in cases brought under the PSLRA.  219 F.R.D. at 286.  In this context, Plaintiff's policy concerns are misplaced.

unwilling to protect the interests of the class against the possibly competing interests of the attorneys." Baffa, 222 F.3d at 61 (internal quotation marks and citation omitted).

   B.   Class Counsel

      Defendants also argue that class counsel is not qualified to represent the class. (Def. Am. Br. at 14-18; Def. Suppl. Letter, D.E. 33.)  Having determined that Plaintiff is not an adequate class representative, the Court need not address whether Plaintiff's counsel is adequate. See Beck, 1995 WL 422067, at *7 n.1 (declining to address adequacy of class counsel where the court found plaintiffs were not adequate representatives). However, as detailed below, the issue warrants further discussion.

      Class counsel is adequate "where the class attorneys are experienced in the field or have demonstrated professional competence in other ways, such as by the quality of the briefs and the arguments during the early stages of the case." Schwab v. Philip Morris USA, Inc., 449 F. Supp. 2d 992, 1106 (E.D.N.Y. 2006), rev'd on other grounds, McLaughlin v. Am. Tobacco Co., 522 F.3d 215 (2d Cir. 2008). "Class [c]ounsel's conduct in prior litigation is also relevant to the analysis." Bolivar v. FIT Int'l Grp. Corp., No. 12-CV-0781, 2017 WL 11473766, at *32 (S.D.N.Y. Mar. 16, 2017), R&R adopted, 2019 WL 4565067 (S.D.N.Y. Sept. 20, 2019) (citation omitted).

Plaintiff's counsel argues that he is experienced in his field and, since 2014, has "focused solely on debt collection defense and FDCPA and FCRA actions against debt collection agencies, debt buyers, and debt collection attorneys." (Pashkin Decl. ¶ 3.) He further argues that he has successfully completed "one court approved class action settlement." (Pl. Opp. at ECF p. 1; Pashkin Decl. ¶ 6.) Moreover, Plaintiff's counsel asserts that he has "filed and prosecuted hundreds of lawsuits alleging numerous different types of violations of the FDCPA and FCRA," brought as proposed class actions, that "usually settle on an individual basis." (Pashkin Decl. ¶¶ 4-5.)

Plaintiff's counsel is no stranger to this Court and has appeared as counsel in numerous FDCPA cases. However, Plaintiff's and Mrs. Russell's testimony demonstrates that Plaintiff's counsel did not communicate with his clients for nearly a year after initiating this action and that he never explained the responsibilities of a class representative. Moreover, after the parties briefed this motion, it came to the Court's attention that Plaintiff's counsel "has engaged in a pattern of abandoning his cases."[11]  See <u>Caruso v. Fin. Recovery Servs., Inc.</u>, No. 19-CV-

---

[11] See <u>Taylor v. Vt. Dep't of Educ.</u>, 313 F.3d 768, 776 (2d Cir. 2002) (holding that the court may take judicial notice of public records); <u>Mangiafico v. Blumenthal</u>, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court [may] take judicial notice.").

4706, 2020 WL 489533, at *1 n.1 (E.D.N.Y. Jan. 30, 2020) (collecting cases where the court "had to dismiss eight cases brought by [Plaintiff's counsel] for failure to prosecute."); Barrios v. Monarch Recovery Mgmt., Inc., No. 19-CV-4448, 2020 WL 376570, at *2 n.1 (E.D.N.Y. Jan. 23, 2020) (noting that the Court had "to dismiss two cases brought by [Plaintiff's counsel] . . . for failure to prosecute and non-compliance."). Indeed, in Radie v. Forster & Garbus, LLP, No. 19-CV-0739 (E.D.N.Y. 2019), this Court dismissed a FDCPA case, initiated by Plaintiff's counsel, for lack of prosecution. (See Radie, No. 19-CV-0739, D.E. 19.)

In Radie, defense counsel[12] informed the Court that, as of December 20, 2019, Plaintiff's counsel assumed a position with the New York City Department of Education, that he "failed to respond to approximately 90 percent of the emails [ ] sent to him regarding outstanding FDCPA actions," and that his "law office telephone has been disconnected and he has ignored every telephone message which I have placed on his cellular telephone voice mail." (Radie, No. 19-CV-0739, Dec. 20, 2019 Letter, D.E. 15.) After Plaintiff's counsel failed to respond to a notice of impending dismissal for failure to prosecute, the Court entered an Order of Dismissal. (See Radie, No. 19-CV-0739, D.E. 19.) This conduct

---

[12] Defense counsel here is the same as in Radie.

prompted the Court to enter the February 10, 2020 Electronic Order here that directed Plaintiff's counsel to state whether he intends to prosecute this case.   (See Feb. 10, 2020 Elec. Order.)   On February 17, 2020, Plaintiff's counsel informed the Court that "Plaintiff intends to prosecute this case" but did not provide any further explanation.  (Feb. 17, 2020 Letter, D.E. 32.)

The Court recognizes Plaintiff's counsel's experience in defending and prosecuting individual consumer protection cases. Nonetheless, Plaintiff's counsel's recent conduct, including his failure to obey numerous court orders issued by this Court and others within this District in FDCPA actions, leads the Court to conclude that Plaintiff's counsel may not be "qualified . . . to conduct the litigation."  In re TCW/DW N. Am. Gov't Income Tr. Sec. Litig., 941 F. Supp. 326, 340 (S.D.N.Y. 1996) (citing In re Joint E. and S. Dist. Asbestos Litig., 78 F.3d 764, 778 (2d Cir. 1996)); Kingsepp v. Wesleyan Univ., 142 F.R.D. 597, 602 (S.D.N.Y. 1992) (denying class certification where "[counsel's] documented failures to comply with a variety of court orders, statutory requirements, and the Federal Rules of Civil Procedure indicate[d] that he [was] not an attorney who should be entrusted to conduct the proposed litigation"); Sicinski v. Reliance Funding Corp., 82 F.R.D. 730, 734 & n.2 (S.D.N.Y. 1979) (class certification denied where counsel's performance was unsatisfactory); Auscape Int'l v. Nat'l Geographic Enters. Inc., No. 02-CV-6441, 2003 WL 23531750,

at *9 (S.D.N.Y. July 25, 2003) (finding class counsel inadequate because, among other reasons, they had been "repeatedly criticized extensively for their behavior in other actions.").

Therefore, Plaintiff has failed to prove adequate class representation and class counsel as required by Federal Rule of Civil Procedure 23(a).

<u>CONCLUSION</u>

The Moving Defendants' motion (D.E. 22) is GRANTED and class certification is DENIED.  The parties are directed to proceed with discovery on the merits of Plaintiff's individual claims against Defendants.

The parties are further directed to advise the Court within fourteen (14) days of the date of this Order whether they wish to schedule a settlement conference with Magistrate Judge Shields by filing a joint letter on ECF.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     March   16  , 2020
           Central Islip, New York

23